UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LOIS LANE, a pseudonym, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 1:22-cv-00092-WES-LDA |
| | : | |
| | : | |
| BROWN UNIVERSITY and | : | |
| JANE ROE, a pseudonym, | : | |
| Defendants. | : | |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO LITIGATE UNDER A PSEUDONYM

Plaintiff respectfully submits this Memorandum of Law in support their[1] Motion for Leave to Litigate Under a Pseudonym. Plaintiff desires to protect their privacy due to the sensitive nature of the events giving rise to this action and the social stigma that they will endure if their true identity as a transgender female were disclosed. In light of the number of John/Jane Doe lawsuits filed pseudonymously against local colleges and universities in this District, Plaintiff has chosen a pseudonym of a fictitious character – Lois Lane – to make distinguishing among these cases easier for the Court and all those involved. Plaintiff has also maintained the confidentiality of Jane Roe's true identity and will leave it for this Court to decide whether Jane Roe should remain anonymous.

In order to litigate under a pseudonym, a litigant "must demonstrate that publishing his or her identity in connection with the lawsuit will result in social stigmatization . . . ." *Doe v. Burkland*, 808 A.2d 1090, 1096 (R.I. 2002). "The courts should not permit pseudonymous litigation on demand nor categorically disallow it." *Id.* at 1097. Rather, courts "should employ a

---

[1] Plaintiff is a transgender female and identifies as they/them/their.

1

balancing test that weighs the rights and interests of each litigating party and the interests of the public." *Id.* Plaintiff will attempt to address the parties' and the public's rights and interests.

In *Doe v. Blue Cross & Blue Shield of Rhode Island*, this Court held that a transsexual person could litigate under a pseudonym. 794 F. Supp. 72 (D.R.I. 1992). The Court found that the plaintiff had a substantial privacy interest at stake because of the highly sensitive and personal nature of one's sexuality and potential social stigmatization and embarrassment. *Id*. Although we are not in the year 1992 anymore, bigotry still exists. Therefore, Plaintiff maintains a substantial privacy interest in their gender identity.

Plaintiff has kept their true identity confidential at all times in connection with the filing of this action. Unlike the plaintiff in *Doe v. Burkland*, the Plaintiff in the instant case did not commence this lawsuit under their own name and continue to litigate the case for several months before seeking to use a pseudonym. Here, Plaintiff filed their Complaint and commenced this lawsuit under a pseudonym and has not disclosed their true identity in any manner. Plaintiff's identity has not been publicized or freely disclosed by them. Plaintiff's identity remains confidential thus far, and with the Court's permission to use a pseudonym, their identity will remain confidential.

Plaintiff has no ulterior motive or fraudulent intent to protect their true identity. The only motive to use a pseudonym in this case is to avoid the social stigmatization and embarrassment from being outed as transgender and accused of sexual misconduct that will result from public disclosure.

It is in the public interest to maintain the confidentiality of Plaintiff's true identity because of the highly sensitive and personal nature of the allegations made against Plaintiff in the underlying sexual misconduct complaint. Plaintiff is presumed innocent unless and until a

hearing panel finds them responsible for the alleged misconduct.  If Plaintiff has to disclose their true identity to seek redress in this Court to enforce their legal rights, it will serve no purpose other than to have a chilling effect on Plaintiff's resolve to seek justice.  It is not in the public's interest to require Plaintiff to disclose their true identity in such a sensitive case, only to be faced with enduring and overcoming the social stigma that is likely, if not inevitably, to result.

There is an atypically weak public interest in knowing Plaintiff's true identity in this case.  Plaintiff is not a high-profile individual or a public figure.  Plaintiff is an out-of-state citizen who is in Rhode Island to attend Brown University ("Brown"), the defendant in this action.  Most importantly, the underlying sexual misconduct hearing process that Plaintiff is going through at Brown is confidential.  The public would not otherwise learn of Plaintiff's identity from that process.  However, if Plaintiff's true identity were disclosed in this case, the cloak of confidentiality will be lifted from that process.  Plaintiff would in effect be punished by pursuing their legal rights in this Court unless permitted to litigate this case pseudonymously.  Therefore, it is in the public interest to maintain Plaintiff's confidentiality in this case.

**WHEREFORE**, this Court should grant Plaintiff leave to litigate this action under the pseudonym Lois Lane (or another pseudonym) to protect Plaintiff's true identity due to the highly sensitive and personal nature of the facts, including the allegations of sexual misconduct made against Plaintiff in the underlying Title IX student misconduct complaint and Plaintiff's protected status as a transgender female.  With Court approval, Plaintiff's counsel can file under seal documentation of Plaintiff's true identity.

        LOIS LANE,
        Plaintiff,
        By their Attorneys,


/s/ Stephen J. Brouillard
Stephen J. Brouillard, Esq. #6284
Bianchi Brouillard Sousa & O'Connell, P.C.
56 Pine Street, Suite 250
Providence, RI 02903
(401) 223-2990 *telephone*
(877) 548-4539 *facsimile*
sbrouillard@bbsolaw.com

and


/s/ John R. Grasso
John R. Grasso, Esq. #7495
Law Office of John R. Grasso, Inc.
72 Clifford Street, 3rd Floor
Providence, RI 02903
(401) 272-4001 *telephone/facsimile*
jrg@grassolaw.com

Dated: March 2, 2022

4